MEMORANDUM **
James W. and Judy L. Keenan appeal from a district court order affirming the bankruptcy court’s dismissal of their complaint in an adversary proceeding against the bankruptcy trustee for failure to state a claim upon which relief could be granted because, inter alia, the trustee was protected by the doctrine of quasi-judicial immunity. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review decisions of the bankruptcy court independently without deference to the district court’s determinations. Leichty v. Neary (In re Strand), 875 F.3d 854, 857 (9th Cir.2004). We affirm.
The bankruptcy court properly determined that the trustee is entitled to quasi-judicial immunity for the actions alleged in the complaint. See Curry v. Castillo (In re Castillo), 297 F.Bd 940, 946-47 (9th Cir.2002) (reviewing de novo the bankruptcy court’s conclusions of law regarding immunity and stating that a “[tjrustee is immune for actions that are functionally comparable to those of judges, i.e., those functions that involve discretionary judgment”). Because we affirm dismissal on these grounds, we do not reach the arguments on appeal that concern alternative grounds for dismissal. See Corrie v. Caterpillar, Inc., 503 F.3d 974, 984 (9th Cir.2007).
Dismissal with prejudice was proper because quasi-judicial immunity precludes the Keenans’ claims. See Swartz v. KPMG LLP, 476 F.3d 756, 761 (9th Cir.2007) (per curiam) (affirming dismissal with prejudice where amendment would be futile because plaintiffs claims would be barred under any internally consistent set of facts).
The bankruptcy court did not abuse its discretion by denying the Keen- *811 ans’ untimely request for a continuance to file their opposition brief because the Keenans failed to show that they diligently attempted to meet the original time for filing and failed to show why they needed 90 additional days to file. See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir.2001) (“A district court’s decision regarding a continuance is given great deference, and will not be disturbed on appeal absent clear abuse of the court’s discretion.”) (internal quotation marks and citation omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid-edby 9th Cir. R. 36-3.